R. McFarland, S. J.,
delivered the opinion of the Court.
This was an action for false imprisonment, in which the plaintiff recovered, and a new trial being refused, the defendant has appealed in error. The defendant pleaded not guilty, and a special plea of justification. To this latter plea a demurrer was sustained by the Court below, and whether or not the action was erroneous is one of the questions in the cause.
This plea avers the existence and pendency of the late civil war between the United States and the so-called Confederate States, and that the defendant was a private soldier in the army of the latter power; and “that while said civil war was still pending and undetermined, and while the said defendant was acting under the authority of said Confederate States under the orders of his superior officers, who were acting likewise under said authority, he, the said defendant, as an act of war, committed the supposed acts of trespass, (if they were committed at all,) in order to compel the said plaintiff to perform military service in the armies of the so-called Confederate States, he being liable, under the laws and orders of the said Confederate States, and to the military orders thereof, to render military service.”
It may be as safely assumed that the armies of the *80 so-called Confederate States carried on the late war with the United States mainly in accordance with the usages and customs of civilized nations, and became entitled, pending the contest, to the rights of belligerents; and we would not be inclined to hold that a soldier of the late Confederate army could be held, civilly, liable to the courts of the country for an act which is in itself a legitimate act of war, according to the customs and usages of civilized nations, and which was done in obedience to. the orders of his superior officers in said army, when the defense is properly presented by a plea.
. We should further hold that a deserter from the rebel army could not maintain this action, against another soldier of that army for arresting him and returning him to his command, under orders of his officers, where this defense is properly pleaded — the right to enforce discipline and obedience among its own soldiers being one of the clearest rights which the belligerent power possessed. Judging from the proof in the record, this was the defense intended to be relied upon by the plaintiff in error; but the plea in question does not, we think, properly present this defense. It is not averred that the plaintiff below was a soldier in the rebel army, but that he was liable to perform military duty in said army under the laws and orders of said Confederate States, by the military orders thereof.” In the case of Jones v. Hickman, 9 Wallace, it was held that the laws of the said Confederate States were a nullity and no justification for any act performed in obedience thereto, and could not be recognized by the courts. Whether the enforcement of the law by the military power would be a valid *81 defense, we need not determine. To raise this question, the laws and orders under which the plaintiff in error professed to have acted, should' have been more distinctly and specifically pleaded. We are, therefore, of opinion that the demurrer was properly sustained.
It is next argued that a new trial should be granted because of the admission of illegal testimony.
The arrest complained of occurred, as proven by the plaintiff himself, about the month of August, 1863. The defendant introduced proof tending to show that the plaintiff had belonged to the rebel army previous to this time, and had deserted, and the arrest in question was made under general orders to arrest deserters. The Circuit Judge in his charge told the jury that the demurrer to the plea of justification having been sustained, evidence cannot be looked to in justification, and is not allowed for that purpose. His Honor told the jury that in mitigation of damages they might look “to the circumstances under whieh the arrest or imprisonment was had as to whether there was the absence of wantonness and malice.” To all this there could be no just exception, but the plaintiff below was permitted to introduce as rebutting testimony against objection that previous to the arrest in question, in February, 1863, he was brought before an examining board, who refused to exempt him^ and refused to allow him choice of commands, and in the proof, the conversation and declarations of the board were admitted, as was also the conversation then had between the witness and the plaintiff. Also, by another witness, David Wilds, that- one evening he met Estes where he *82 was secreted. He said he was trying to make his escape from the rebel army; that his only chance to keep from going to Vicksburg was. to volunteer under Byers; that he had got a furlough and was trying to escape. He said he wanted to get away because he did not want to go into the rebel army and did not want to stay in it. He was also permitted to prove by Thomas Collins that on the way from Strawberry Plains to Loudon, Estes said he had been tied and brought there in strings, like a horse-thief, and did not believe in the d — d Confederacy, and would leave as soon as as he could, etc. All this was admitted as rebutting testimony over objection. There was other testimony of the same character. The testimony of the plaintiff in error going to show that Estes was in reality a rebel soldier, being matter tending towards a justification, was excluded by his Hon- or’s charge, and this question was not before the jury, and consequently there was nothing to rebut. It will be observed that his Honor did not instruct the jury that they might look to the proof of the defendant, as to Estes, the plaintiff, having been a rebel soldier in mitigation of damages, and it- was improper to admit this rebutting testimony to aggravate the damages, for it is not alleged that the plaintiff in error was present at the time of these occurrences, or was in any manner connected therewith. We see no evidence in the record, which by his Honor’s charge was allowed to go to the jury, to which the above testimony can be regarded as rebutting, and we think it was improperly admitted. How far it may have prejudiced the plaintiff in error we can *83 not see — but under the facts of the case we regard the error as a material one, and for this, reverse the judgment, and remand the cause for a new trial.